UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI MUHAMMAD,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR,<br><br>    Defendant. | Case No. 2:23-cv-00756-JDP (PC)<br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel, alleges that defendant CDCR violated his rights under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act by failing to provide him with two new mattresses to accommodate his long-Covid disability. ECF No. 1 at 7. This case was filed in state superior court and removed to this court by defendant. I must screen prisoner cases removed in this way. *See Walker v. Departmental Review Bd.*, No. 2:17-cv-02191-AC-P, 2017 U.S. Dist. LEXIS 176242, 2017 WL 11517550 *1 (E.D. Cal. Oct. 24, 2017) ("The screening obligation applies where a complaint is removed from state court."). After review of the complaint, I find that the claims in the complaint are viable to proceed.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that he was diagnosed with post-Covid chronic fatigue syndrome in July 2022. ECF No. 1 at 6. He claims that this condition affects his knees, back, shoulders, and hips, and makes sleeping on a single, standard-issue mattress difficult because of the lack of cushioning. *Id.* at 7. As such, he requested two mattresses from his unit ADA coordinator. *Id.* The request was denied, and, instead, plaintiff was ultimately provided with a single new mattress and two blankets. *Id.* at 8. These allegations are sufficient, for screening purposes, to state viable claims under both the ADA and the Rehabilitation Act. For screening purposes, I will assume that long Covid, as opposed to a standard infection that runs its course, is a potential disability for the purposes of the ADA and Rehabilitation Act. *See* Guidance on "Long COVID" as a Disability Under the ADA, Section 504, and Section 1557 (July 26, 2021) (available at https://www.hhs.gov/civil-rights/for-providers/civil-rights-covid19/guidance-long-covid-disability/index.html).

I also find that, for screening purposes, the CDCR is a viable defendant for these claims. *See United States v. Georgia*, 546 U.S. 151, 159 (2006) (Title II of the ADA abrogates sovereign immunity for conduct that violates the Fourteenth Amendment); *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209-10 (1998) (Title II applies to state prisons); *Clark v. California Dep't of Corr.*, 123 F.3d 1267, 1271 (9th Cir. 1997) (California waived its Eleventh Amendment immunity by accepting federal funds and the funding statute "manifests a clear intent to condition participation in the programs funded under the [Rehabilitation Act]"). It is, at this point, at least plausible that California accepts funds in a manner that renders it liable under the Rehabilitation Act. If it does not, defendants may argue as much in a dispositive motion.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint is, for screening purposes, cognizable to proceed on his ADA and Rehabilitation Act claims against the defendant.
2. Defendant shall file an answer or a motion under Rule 12(b) within the deadlines contemplated by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   May 24, 2023                                 /s/ Jeremy Peterson
                                                       JEREMY D. PETERSON
                                                       UNITED STATES MAGISTRATE JUDGE

4