UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI MUHAMMAD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　　Defendant. | Case No. 2:23-cv-00756-JDP (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>ECF No. 8 |

Plaintiff Kwesi Muhammad is a state prisoner proceeding without counsel in this action under 42 U.S.C. § 1983. He alleges that defendant CDCR violated his rights under Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") when it failed to provide him with a second mattress to address post-COVID-19 chronic fatigue and joint pain. ECF No. 1 at 6-7. Pending before me is defendant's motion to dismiss, wherein defendant argues that plaintiff's claims implicate the sufficiency of his medical care and, thus, fall outside the scope of the ADA and the RA. ECF No. 8 at 10-12. The motion also argues that plaintiff cannot show that he is entitled to money damages. *Id.* at 13. Plaintiff has filed an opposition, ECF No. 9, and defendant has filed a reply, ECF No. 10. I will grant defendant's motion to dismiss in part,

declining only to dismiss the complaint without leave to amend.[1]  Instead, the dismissal shall be with leave to amend.

I. Legal Standards

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

II. Analysis

Plaintiff alleges that defendant violated his rights under the ADA and the RA when it failed to provide him with a second mattress for his joint pain. ECF No. 1 at 6-7.  To sustain a claim under Title II of the ADA, a plaintiff must allege that:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's

---

[1] The parties have consented to my jurisdiction.  ECF No. 6.

> services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1021 (9th Cir. 2010) (*overruled on other grounds by Castro v. Cnty. of L.A.*, 833 F.3d 1060 (9th Cir. 2016) (en banc)). Similarly, to state a claim under the RA, a plaintiff must allege that: (1) he is handicapped within the meaning of the RA, (2) he is otherwise qualified for the benefits or services he seeks, (3) he was denied the benefit of those services solely by reason of his handicap, and (4) the program providing the benefit or services received federal assistance. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). A plaintiff may not succeed on either an ADA or RA claim based on allegations that medical treatment for his disability or handicap was inadequate. *See Simmons*, 609 F.3d at 1022 ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) ("There is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act.").

      Plaintiff's claim that he was not provided an extra mattress for his joint pain sounds in inadequate medical treatment rather than disability-based discrimination. The additional mattress he requested to ameliorate joint pain is a medical intervention rather than a service, program, or activity. As defendant points out, courts in this district have reached similar conclusions where prisoners have alleged that their ADA and RA rights were violated by defendants' failure to provide them with a specific mattress or pillow. *See Thomas v. Ogbehi*, 1:15-cv-01059-LJO-BAM (PC)*,* 2018 U.S. Dist. LEXIS 107445, *30-31 (E.D. Cal. Jun. 27, 2018) ("Plaintiff's claims arise out of the denial of his requests for medical devices and appliances, and such allegations do not provide a basis upon which to impose liability under the ADA or RA.") (adopted by *Thomas v. Ogbehi*, 2018 U.S. Dist. LEXIS 127246 (E.D. Cal., July 27, 2018)); *Millare v. CDCR*, 2:22-cv-1862-KJM-KJN-P, 2023 U.S. Dist. LEXIS 58253, *10 (E.D. Cal. April 3, 2023) ("The undersigned finds that the alleged confiscation of plaintiff's DME cervical pillow relates to

medical care and is not related to discrimination against plaintiff because of his disability.") (adopted by *Millare v. CDCR*, 2023 U.S. Dist. LEXIS 136979 (E.D. Cal., Aug. 4, 2023)). Plaintiff's opposition offers no meaningful rebuttal.  He does contend that his request for a mattress did not challenge how the CDCR managed his joint pain, ECF No. 9 at 2-3, but he offers no substantive argument or legal citations to support this contention.  In light of this finding, I find it unnecessary to address defendant's remaining argument regarding the applicability of monetary damages.

      The only remaining question is whether to dismiss with or without leave to amend. Dismissal should be with leave to amend unless no amendment could save the complaint. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").  I cannot conclude that no conceivable amendment could save the complaint here.

      It is ORDERED that:

      1.    Defendant's motion to dismiss, ECF No. 8, is GRANTED in part and in all respects except for the request that the dismissal be without leave to amend.

      2.    Plaintiff's complaint, contained at ECF No. 1, is DISMISSED with leave to amend within thirty days.  Any amended complaint plaintiff files will be subject to screening under 28 U.S.C. § 1915A(a).

IT IS SO ORDERED.

Dated:   December 12, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE