1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                          EASTERN DISTRICT OF CALIFORNIA

9

10   KWESI MUHAMMAD,                        Case No. 2:23-cv-00756-JDP (PC)

11              Plaintiff,                   **ORDER**

12      v.                                   SCREENING PLAINTIFF'S AMENDED
                                             COMPLAINT AND GRANTING LEAVE
13   CALIFORNIA DEPARTMENT OF                TO AMEND
     CORRECTIONS AND
14   REHABILITATION,                         ECF No. 14

15              Defendant.

16

17          Plaintiff Kwesi Muhammad is a state prisoner proceeding without counsel in this action

18   under 42 U.S.C. § 1983.  Following defendant's successful motion to dismiss, plaintiff has

19   amended his complaint and it is before me for screening.  Like his previous complaint, plaintiff

20   alleges that defendant CDCR violated his rights under Title II of the Americans with Disabilities

21   Act ("ADA") and the Rehabilitation Act ("RA") when it failed to provide him with a second

22   mattress to address post-COVID-19 chronic fatigue and joint pain.  ECF No. 14 at 6-7.  Since

23   plaintiff's amended complaint continues to suffer from pleading defects, I will dismiss the

24   complaint and give him a final opportunity to amend.

25                          **Screening and Pleading Requirements**

26          A federal court must screen a prisoner's complaint that seeks relief against a governmental

27   entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

28   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1   claim upon which relief may be granted, or seeks monetary relief from a defendant who is

2   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

4   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

5   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

6   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

7   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

8   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

9   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

10  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

11  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13         The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

14  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

16  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

18  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

19  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20                                   **Analysis**

21         Plaintiff alleges that he suffers from long COVID, and as a result he has troubling

22  sleeping on the mattress provided by CDCR.  ECF No. 14.  Plaintiff requested two new

23  mattresses, but according to the complaint his request was declined because of his disability.  *Id.*

24  at 5.  Plaintiff claims that CDCR's action of denying him an additional mattress violated his rights

25  under the ADA and the RA.  ECF No. 14.

26         As I explained previously, to sustain a claim under Title II of the ADA, a plaintiff must

27  allege that:

28              (1) he is an individual with a disability; (2) he is otherwise qualified
                to participate in or receive the benefit of some public entity's

services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1021 (9th Cir. 2010) (*overruled on other grounds by Castro v. Cnty. of L.A.*, 833 F.3d 1060 (9th Cir. 2016) (en banc)).  Similarly, to state a claim under the RA, a plaintiff must allege that: (1) he is handicapped within the meaning of the RA, (2) he is otherwise qualified for the benefits or services he seeks, (3) he was denied the benefit of those services solely by reason of his handicap, and (4) the program providing the benefit or services received federal assistance.  *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) ("There is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act.").

A plaintiff may not succeed on either an ADA or RA claim based on allegations that medical treatment for his disability was inadequate.  *See Simmons*, 609 F.3d at 1022.  And here, plaintiff's allegations go to the adequacy of the treatment he received from CDCR, not to the denial of services because of his disability.  *See Mixon v. Tyson*, 1:16-cv-01868-BAM (PC), 2017 WL 5998231, at *5 (E.D. Cal. Dec. 4, 2017) ("The lack of medical treatment or the failure to provide an accommodation for [a plaintiff's] medical condition does not provide a basis upon which to impose liability under the ADA."); *Gosney v. Gower*, No. 6:16-cv-01072-SB, 2019 WL 1447474, at *4, (D. Or. Apr. 1, 2019) (The "ADA . . . afford[s] disabled persons legal rights regarding access to programs and activities enjoyed by all, but do[es] not provide them with a general federal cause of action for challenging the medical treatment of their underlying disabilities.").

As noted in my prior order, courts have held that there is no basis for either an ADA or RA claim when prisoners are not provided with a specific mattress or pillow.  *See Thomas v. Ogbehi*, 1:15-cv-01059-LJO-BAM (PC), 2018 U.S. Dist. LEXIS 107445, *30-31 (E.D. Cal. Jun. 27, 2018) ("Plaintiff's claims arise out of the denial of his requests for medical devices and

3

appliances, and such allegations do not provide a basis upon which to impose liability under the ADA or RA."); *Millare v. CDCR*, 2:22-cv-1862-KJM-KJN-P, 2023 WL 2760908, *4 (E.D. Cal. April 3, 2023) ("The undersigned finds that the alleged confiscation of plaintiff's DME cervical pillow relates to medical care and is not related to discrimination against plaintiff because of his disability.").  Further, plaintiff has not alleged any facts that support his claim that he was subjected to intentional discrimination by reason of his disability and excluded from participation in any program or activity.  His bare allegation that that CDCR refused to provide him with a mattress because of his disability is conclusory and insufficient.  *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

I will grant plaintiff a final chance to amend his complaint before recommending that this action be dismissed.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1.  Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court that he wishes stand by his current complaint.  If he selects the latter option, I will recommend that this action be dismissed.

2.  Failure to comply with this order may result in the dismissal of this action.

3.  The Clerk's Office is directed to send plaintiff a complaint form.

4

IT IS SO ORDERED.

Dated:  ___May 20, 2024___                    _____
                                              JEREMY D. PETERSON
                                              UNITED STATES MAGISTRATE JUDGE