UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI MUHAMMAD,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Defendant. | Case No. 2:23-cv-00756-JDP (PC)<br><br>**ORDER**<br><br>THAT THIS ACTION IS DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>ECF No. 18 |

Plaintiff, a state prisoner, bring this action alleging that defendants California Department of Corrections and Rehabilitation ("CDCR"), Doe, and Freeman violated his Eighth Amendment rights by declining to give him two mattresses to help with shoulder, back, and hip pain caused by long Covid. ECF No. 18 at 4-5. For the reasons stated below, plaintiff's claim is not cognizable, and I will dismiss it without leave to amend.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

Plaintiff alleges that on July 6, 2022, he was diagnosed with long Covid.  ECF No. 18 at 4.  This chronic condition caused him to suffer shoulder, back, and hip pain.  *Id.*  To ease this pain, he requested two new mattresses with additional padding.  *Id.*  He claims that defendant Doe and Warden Freeman exhibited deliberate indifference by providing him with one mattress and two blankets instead.  *Id.*  Plaintiff claims that, after complaining for eighteen months about severe lower back pain, an MRI showed he had mild to moderate sciatica.  *Id.* at 5.  Plaintiff does not allege that, during this time, any health provider indicated that provision of another mattress would have been an appropriate remedy to ameliorate or prevent that sciatica.

1    The claims against the named defendants[1] fail because plaintiff has failed to make allegations that, taken as true, show that either Doe or Freeman acted with the state of mind required for deliberate indifference. To act with deliberate indifference, the required state of mind is akin to subjective recklessness. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012). Here, plaintiff's allegations acknowledge that Doe and Freeman were responsive to his complaints by providing a mattress and two blankets, though this was not the specific remedy he sought. And, although he alleges that complained of back pain for eighteen months, he does not indicate what medical treatment he did or did not receive during that time or what medical decisions preceded the MRI. Neither defendant, as a correctional officer or warden, is a medical provider or is alleged to have been directly involved in plaintiff's diagnosis or treatment. *See McConnell v. Dahliwal*, No. 2:21-CV-3661-CBM-MAAx, 2022 U.S. Dist. LEXIS 235296, *9 (C.D. Cal. Nov. 14, 2022) ("If a prisoner is under the care of medical experts [. . . ] a non-medical prison official will generally be justified in believing that the prisoner is in capable hands . . . .") (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004)). The situation might be different had plaintiff alleged that medical staff had recommended that two mattresses be provided and that defendants refused to implement those recommendations. He makes no such allegations, however. Absent any indication that defendants acted recklessly with respect to plaintiff's health, I find no cognizable claim in the complaint.

This is now plaintiff's third complaint, and he is no closer to presenting a cognizable claim.

Accordingly, it is ORDERED that plaintiff's second amended complaint, ECF No. 18, is DISMISSED without leave to amend for failure to state a cognizable claim and the Clerk of Court is directed to close this action.

---

[1] Plaintiff has continued to name CDCR itself as a defendant, but CDCR is not a viable defendant for section 1983 purposes. *See Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute."). Moreover, there are no explicit allegations against the agency in the body of the complaint.

IT IS SO ORDERED.

Dated:    October 1, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE